# In the United States Court of Federal Claims

Pro Se
No. 15-1198C
(Filed: January 12, 2016 | Not for Publication)

ORIGINAL

FILED
JAN 1 2 2016
U.S. COURT OF
FEDERAL CLAIMS

_____
                                    )
LIVIA SCOTTO,                       )   Keywords: Subject Matter
                                    )   Jurisdiction; RCFC 12(b)(1); Pro Se
                    Plaintiff,      )   Complaint; Recusal; 28 U.S.C. § 455
                                    )
        v.                          )
                                    )
THE UNITED STATES OF AMERICA,       )
                                    )
                    Defendant.      )
_____ )

*Livia M. Scotto*, Valrico, FL, Plaintiff *pro se*.

*Daniel B. Volk*, Trial Attorney, with whom were *Reginald T. Blades*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant.

### OPINION AND ORDER

Currently before the Court are Plaintiff's motion for recusal of the undersigned judge, ECF No. 8, and the government's motion to dismiss for lack of subject matter jurisdiction under Rules of the Court of Federal Claims (RCFC) 12(b)(1), ECF No. 6. For the reasons set forth below, the Plaintiff's motion for recusal is **DENIED** and the government's motion to dismiss is **GRANTED**.

### BACKGROUND

Plaintiff Livia M. Scotto filed a pro se complaint in this case on October 13, 2015. ECF No. 1. The factual allegations in her complaint are limited and somewhat difficult to follow. They concern the "causation of torture, leukemia, property conversion, larceny, [and] assaults" by the United States in connection with "atomic veteran related damages

for leukemia deaths." See Compl. at 1.[1] She seeks redress in the form of a "judgment for $990 billion USD." Id.

On December 1, 2015, the government moved to dismiss Ms. Scotto's complaint under RCFC 12(b)(1), arguing that the Court lacked subject matter jurisdiction over Ms. Scotto's claims. Def. Mot. to Dismiss at 1.

## DISCUSSION

### I. Motion for Recusal

As noted above, the plaintiff has filed a motion requesting that the undersigned recuse herself from this case. A judge must recuse herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This objective test mandates recusal "when a reasonable person, knowing all the facts, would question the judge's impartiality." Allphin v. United States, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (quoting Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1568 (Fed. Cir. 1989)). Grounds for recusal include not only actual personal bias or prejudice, but also the appearance of partiality. See 28 U.S.C. § 455(b). However, a judge is presumed to be impartial, and the movant bears a "heavy burden" of proving otherwise. See Baldwin Hardware Corp. v. FrankSu Enter. Corp., 78 F.3d 550, 557 (Fed. Cir. 1996).

Ms. Scotto premises her motion on purported "judicial misconduct" and "abuse of power" by the undersigned. See Pl.'s Mot. for Recusal at 4. However, she has not pointed to any factual bases substantiating these claims. Accordingly, the undersigned will not recuse herself from this case, and Plaintiff's motion seeking recusal is **DENIED**.

### II. Motion to Dismiss Under RCFC 12(b)(1)

The Court of Federal Claims is a court of "limited jurisdiction." E.g., Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The court's primary grant of jurisdiction is found in the Tucker Act, which gives the court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). However, it does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, to

---

[1] Beyond this case, Ms. Scotto has filed many other complaints in several different jurisdictions, which she has characterized as "related" to this one. See Compl. at 2–4 (listing "related" cases Ms. Scotto has filed). In addition, she previously filed a claim to the Department of Veterans Affairs (VA) requesting a finding of service connection for leukemia, which the VA denied because there was "no evidence of a current diagnosis of leukemia." See Scotto v. McDonald, 620 Fed. App'x 913, 913 (Fed. Cir. 2015) (per curiam).

invoke the court's Tucker Act jurisdiction, a plaintiff must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Further, it is well established that complaints filed by pro se plaintiffs (as is this one) are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

Applying these standards, the Court concludes that it lacks subject matter jurisdiction over Ms. Scotto's claims. Ms. Scotto's allegations of "causation of torture, leukemia, property conversion, larceny, [and] assault" can only be construed as alleging either criminal violations or tort claims. The Court of Federal Claims, however, lacks any jurisdiction over criminal matters. See Upshaw v. United States, 599 Fed. App'x 387, 388 (Fed. Cir. 2015) (per curiam) (holding that the Court of Federal Claims' jurisdiction "does not extend to cases involving criminal law"). Likewise, because the Tucker Act expressly excludes from its coverage claims "sounding in tort," this Court lacks jurisdiction over any tort claims. 28 U.S.C. § 1491(a)(1); see also Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)) (holding that the Court of Federal Claims "lacks jurisdiction over tort actions against the United States"). Accordingly, the Court cannot assert jurisdiction over any of Ms. Scotto's claims.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for recusal is **DENIED**, and the government's motion to dismiss is **GRANTED**. Plaintiff's complaint is hereby dismissed without prejudice. Each side shall bear its own costs.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge